**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
Dara L. Silveira (Cal. Bar No. 274923)
(dsilveira@kbkllp.com)
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Tel: (415) 496-6723
Fax: (650) 636-9251

**CHOATE, HALL & STEWART LLP**
Paul D. Popeo (admitted pro hac vice)
(ppopeo@choate.com)
Douglas R. Gooding (pro hac vice pending)
(dgooding@choate.com)
Two International Place
Boston, MA 02110
Tel: (617) 248-5000

*Attorneys for Appellant Suffolk Construction Company, Inc.*

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **In re:**<br><br>**THE FAY SAN JOSE, LLC,**<br><br>**Debtor.** | BAP Case No. 26-1141<br><br>On Appeal from the United States Bankruptcy Court for the Northern District of California<br><br>Bankruptcy Case No. 25-51774 (SLJ)<br><br>Chapter 7<br><br>**EMERGENCY MOTION FOR STAY PENDING APPEAL** |

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 8012 of the Federal Rules of Bankruptcy Procedure and Rule 26.1 of the Federal Rules of Appellate Procedure, appellant Suffolk Construction Company, Inc. states that no publicly held corporation owns 10% or more of its stock.

Dated: June 18, 2026

By: /s/ *Dara L. Silveira*
Dara L. Silveira

*Attorneys for Appellant Suffolk Construction Company, Inc.*

Suffolk Construction Company, Inc. ("Suffolk" or "Appellant"), petitioning creditor in Case No. 25-51774 (the "Involuntary Case") before the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"), hereby moves (the "Motion") pursuant to Rules 8007(b) and 8013(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an emergency order staying enforcement of the *Order Partially Granting Motion for Fees and Denying Request for Punitive Damages* [Bk. Dkt. No. 83] (the "Fees Order") pending Suffolk's appeal thereof. The Motion is supported by the affidavit of Dara L. Silveira (the "Silveira Affidavit") filed concurrently herewith.

## I. INTRODUCTION

Suffolk has appealed the Fees Order and procured a bond for 150% of the amount awarded therein; Suffolk then sought approval of that bond and a stay of enforcement by right pursuant to Rule 62(b) of the Federal Rules of Civil Procedure. The Bankruptcy Court has not ruled on that request, and appellee The Fay San Jose, LLC ("The Fay") has taken extreme collection actions aimed at impacting Suffolk's ongoing operations in California notwithstanding the fact that The Fay is fully protected by the bond. Such an attempt should not be countenanced and enforcement of the Fees Order should be stayed pending Suffolk's appeal thereof.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Suffolk commenced the Involuntary Case against The Fay on the eve of a foreclosure sale for a property owned by The Fay that had not been marketed and for which there was no indication that its principal had made any effort to maximize value for junior creditors. The Bankruptcy Court dismissed the Involuntary Case on January 22, 2026. Silveira Aff. Ex. A. Suffolk appealed to the Bankruptcy Appellate Panel on February 5, 2026. *Id*. Ex. B. That appeal is pending as Case No. 26-1047.

On May 29, 2026, the Bankruptcy Court entered the Fees Order, which awards The Fay $787,222.26, comprised of $773,425.80 in attorneys' fees and $13,796.46 in costs. Silveira Aff. Ex. C. Suffolk timely noticed its appeal of the Fees Order to the

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

Bankruptcy Appellate Panel on June 12, 2026. *Id*. Ex. D. The automatic stay of enforcement of the Fees Order expired on the same date, so Suffolk moved (the "Bond Motion") the Bankruptcy Court for approval of a bond (the "Bond") for $1,180,833.39, or 150% of the amount awarded in the Fees Order and a stay pursuant to Rule 62(b) of the Federal Rules of Civil Procedure, made applicable in the Involuntary Case by Bankruptcy Rules 1018(a)(1) and 7062. *Id*. Exs. E-F. Suffolk sought (the "OST Application") an order shortening time pursuant to Rule 9006-1 of the Bankruptcy Local Rules for the Northern District of California, requesting that the hearing on the Bond Motion be held on June 16, 2026 or as soon as practicable. *Id*. Ex. G. On June 15, 2026, The Fay opposed the OST Application and filed two Writs of Execution, which issued the following day. *Id*. Exs. H-J. Suffolk inquired with the Bankruptcy Court regarding the timing of its ruling on the OST Application but received no response, nor has the Bankruptcy Court responded to Suffolk's request for an emergency status conference. *Id*. ¶ 15, Ex. M.

## III. ARGUMENT

A party may seek a stay pending appeal from the appellate court when such a motion already has been made before the bankruptcy court. Fed. R. Bankr. P. 8007(b)(2). Here, Suffolk filed the Bond Motion and the OST Application nearly a week ago, with a request for shortened time, and the Bankruptcy Court has not ruled. Silveira Aff. ¶ 17, Ex. E. Leaving aside that Suffolk is entitled to a stay by right upon approval of the Bond, *see* Fed. R. Civ. P. 62(b); Fed. R. Bankr. P. 7062; *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc*., 87 S. Ct. 1, 3 (1966); *see also ACLU v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012), a stay of enforcement of the Fees Order pending Suffolk's appeal thereof is appropriate because, in addition to having procured the Bond, which fully protects The Fay, the factors laid out by the United States Supreme Court in *Nken v. Holder*, 556 U.S. 418 (2009) all are met here.

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

"Parties seeking a stay pending appeal must make a showing under four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *In re Schoenmann*, 2025 Bankr. LEXIS 241, at *7 (Bankr. N.D. Cal. Feb. 7, 2025) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)); *see also In re Akhlaghpour*, 2018 Bankr. LEXIS 2059, at *5 (Bankr. C.D. Cal. July 9, 2018) (citing same). "The four factors may be weighed in a sliding scale, 'where a stronger showing of one element may offset a weaker showing of another.'" *Akhlaghpour*, 2018 Bankr. LEXIS 2059 at *5 (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).

Here, the relevant factors weigh in favor of the granting of a stay pending appeal. *First*, Suffolk respectfully asserts that it has a strong likelihood of success on appeal. The appeal of the Dismissal Order is currently pending. Suffolk expects to successfully dispute the basis for the dismissal of the Involuntary Case because the Bankruptcy Court incorrectly found that Suffolk's claim against The Fay was secured for purposes of section 303(b) of the Bankruptcy Code. Should the Dismissal Order be vacated, the Fees Order cannot stand. *See Samson v. W. Capital Partners, LLC (In re Blixseth)*, 509 B.R. 701, 706 (Bankr. D. Mont. 2014) ("While it is not necessary for [movant] to show that it is more likely than not that it will win on the merits… at a minimum a petitioner must show that there is a 'substantial case for relief on the merits.").

*Second*, Suffolk risks irreparable harm absent a stay of the Fees Order. With the issuance of the Writs of Execution, The Fay is seeking to attach Suffolk's bank accounts and/or equipment—despite the fact that Suffolk has supplied the Bond. The property held by Suffolk in the Central and Eastern Districts of California includes equipment critical to construction in progress, and the United States Marshals in those Districts have access to deposit accounts essential to discharge of Suffolk's project obligations.

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

Silveira Aff. Ex. L. In short, enforcement of the Writs of Execution could have a calamitous impact on pending construction projects managed by Suffolk. *Id*. This plain risk of irreparable harm weighs in favor of the granting of a stay, particularly when compared with the negligible risk of harm to The Fay.

*Third*, The Fay will not suffer any injury by the granting of a stay. As outlined above, Suffolk has obtained a Bond for $1,180,833.39, or 150% of the amount awarded in the Fees Order. Accordingly, The Fay is fully protected and will receive the full amount it is due in the event that the Appeal is unsuccessful.

*Fourth*, a stay pending an appeal does not materially affect the public's interest because the stay only prevents the payment of money from one private party to another.

As a result, each of the relevant factors supports staying the Fees Order pending Suffolk's appeal.

## IV. BANKRUPTCY RULE 8013(d)(2)(C) INFORMATION

The contact information for counsel is:

| Party | Counsel |
|---|---|
| Suffolk Construction Company, Inc. | **KELLER BENVENUTTI KIM LLP**<br>Tobias S. Keller (tkeller@kbkllp.com)<br>Dara L. Silveira (dsilveira@kbkllp.com)<br>101 Montgomery Street, Suite 1950<br>San Francisco, CA 94104<br>Tel: (415) 364-6790<br><br>**CHOATE, HALL & STEWART LLP**<br>Paul D. Popeo (ppopeo@choate.com)<br>Douglas R. Gooding (dgooding@choate.com)<br>Two International Place<br>Boston, MA 02110<br>Tel: (617) 248-5000 |
| The Fay San Jose, LLC | **BOIES SCHILLER FLEXNER LLP**<br>Joshua I. Schiller (jischiller@bsfllp.com)<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104 |

KELLER BENVENUTTI KIM LLP
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

| Party | Counsel |
|---|---|
| | Telephone: (415) 293-6800<br><br>**BOIES SCHILLER FLEXNER LLP**<br>Robert D. Gordon (rgordon@bsfllp.com)<br>Thomas H. Sosnowski (tsosnowski@bsfllp.com)<br>55 Hudson Yards, 20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2372 |

## V. CONCLUSION

For the reasons set forth above, enforcement of the Fees Order should be stayed pending Suffolk's appeal thereof.

Dated: June 18, 2026

**KELLER BENVENUTTI KIM LLP**
**CHOATE, HALL & STEWART LLP**

By: /s/ *Dara L. Silveira*
Dara L. Silveira

*Attorneys for Appellant Suffolk Construction Company, Inc.*

**KELLER BENVENUTTI KIM LLP**
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

**KELLER BENVENUTTI KIM LLP**
101 MONTGOMERY STREET, SUITE 1950
SAN FRANCISCO, CALIFORNIA 94104

# CERTIFICATE OF SERVICE

I hereby certify that I have, this eighteenth day of June, 2026, caused to be electronically filed the foregoing with the Clerk of the Court for the United States Bankruptcy Appellate Panel for the Ninth Circuit by using the CM/ECF system. I certify that service will be accomplished upon the persons set forth below by electronic mail:

Joshua I. Schiller (jischiller@bsfllp.com)

Robert D. Gordon (rgordon@bsfllp.com)

Thomas H. Sosnowski (tsosnowski@bsfllp.com)

Dated: June 18, 2026

**KELLER BENVENUTTI KIM LLP**
**CHOATE, HALL & STEWART LLP**

By: /s/ *Dara L. Silveira*
Dara L. Silveira

*Attorneys for Appellant Suffolk Construction Company, Inc.*